SilvermanAcampora LLP
Proposed Counsel for the Debtors
and Debtors in Possession
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Robert Nosek, Esq.

**Bid Procedures Hearing:** September 9, 2009 at 2:00 p.m.
**Objections Due:** September 8, 2009 at 4:00 p.m.

**Auction Date:** September 23, 2009 at 2:00 p.m.

**Sale Hearing:** September 24, 2009 at 10:00 a.m.
**Objections Due:** September 21, 2009 at 4:30 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

MRS. JOHN L. STRONG & CO., LLC,

                Debtor.
-------------------------------------------------------------------x
In re:

MRS. JOHN L. STRONG & CO., INC.,

                Debtor.
-------------------------------------------------------------------x

Chapter 11

Case No. 09-14820 (MG)

Chapter 11

Case No. 09-15283 (MG)

**NOTICES OF HEARING ON THE DEBTORS' APPLICATION FOR THE ENTRY OF (1) AN ORDER PURSUANT TO BANKRUPTCY CODE §§105, 363 AND 365 AUTHORIZING AND APPROVING THE SALE OF THE DEBTORS' INTERESTS IN SUBSTANTIALLY ALL OF ITS ASSETS TO THE 1929 PAPER COMPANY, LLC, SUBJECT TO HIGHER AND BETTER OFFERS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND GRANTING RELATED RELIEF, AND WAIVER OF STAY UNDER BANKRUPTCY RULE 6004; AND (2) AN ORDER ESTABLISHING SALE PROCEDURES, INCLUDING APPROVAL OF A TERMINATION FEE, CURE AMOUNT PROCEDURES AND SHORTENING NOTICE OF HEARING**

**PLEASE TAKE NOTICE** Mrs. John L. Strong & Co., LLC. ("MJLS LLC") and Mrs. John L. Strong Co., Inc. ("MJLS Inc.", and collectively with MJLS LLC, the "Debtors"), as debtors and debtors in possession, by and through their proposed counsel, SilvermanAcampora LLP, hereby submit this motion (the "Motion") seeking the entry of Orders in accordance with Sections 105, 363 and 365 of Title 11 of the United States Code, as amended, (the "Bankruptcy Code"): (1) authorizing and approving the terms and conditions of a certain asset purchase agreement (the "APA") for a sale by and between the Debtors, as sellers, and The 1929 Paper Company, LLC ("1929 LLC"), as buyer, of substantially all of the Debtors' assets, as well as the assumption and

assignment of two associated unexpired leases of non-residential real property, for $350,000, subject to higher or subject to higher or better offers on the assets, in bulk or by lot, as may be tendered at a public auction sale, to be held at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Courtroom 501, New York, New York on **September 23, 2009, at 2:00 p.m.** (the "Auction"), free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer, with such interests to attach to the net proceeds of sale, if any, in the amount and priority as they currently exist; (2) authorizing the consummation of the transactions contemplated therein, including the waiver of the stay under Federal Rule of Bankruptcy Procedure 6004; (3) approving certain bidding procedures for the Auction; (4) fixing the date for a hearing on the sale for **September 24, 2009, at 10:00 a.m.**; (5) approving the form, time and scope of notice of the Auction; and (6) granting related relief.

**I.    BIDDING PROCEDURES HEARING**

**PLEASE TAKE FURTHER NOTICE**, that through the Motion, the Debtors will move before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 501, New York, New York 10004, on **September 9, 2009, at 2:00 p.m.** (the "Procedures Hearing"), or as soon thereafter as counsel can be heard, for the issuance and entry of an Order (the "Procedures Order"): (i) approving the Bidding Procedures, the Termination Fee and the Noticing Provisions (collectively, the "Sale Procedures"); (ii) approving the Assignment Procedures; (iii) scheduling the Auction and Final Sale Hearing; and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Procedures Order must be in writing, must conform to the Bankruptcy Rules and the Local Rules, must set forth the name of the objecting party, the basis for the objection and the specific grounds therefore, and must be filed with the Bankruptcy Court, electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the

Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-242, and any responses or objection must be served upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Robert Nosek, Esq.); and (ii) the Office of the United States Trustee, 33 Whitehall Street, 22nd floor, New York, New York 10004, so as to be filed and received no later than **September 8, 2009, at 4:00 p.m. (prevailing Eastern Standard Time)**.

**PLEASE TAKE FURTHER NOTICE,** the Debtors are asking the Court to approve the Sale Procedures, and make them applicable to all persons or entities that would like to submit a bid for the Assets at the Auction; which are summarized as follows (the "Sale Procedures"):[1]

(a) The Assets will be offered for sale in bulk, as provided for under the APA, as well as in separate lots.

(b) Only "Qualified Bidders" will be permitted to bid for the Assets; upon execution of the APA, 1929 LLC will be deemed to have satisfied all requirements to be a Qualified Bidder;

(c) To be a "Qualified Bidder" an individual or entity must submit to counsel for the Debtors no later than two (2) business days prior to the Auction (the "Bid Deadline"): (i) a bid in writing accompanied by the identity of such bidder and that of an officer or authorized agent who will appear on behalf of such bidder; (ii) a good faith cash deposit by cashier's or certified check (made payable to the Debtor) or wire transfer of immediately available funds in the amount of $25,000.00, if bidding for the APA or offering another bulk bid, or, in the event a Qualified Bidder submits a bid for a single asset, then such good faith cash deposit shall be equal to ten (10%) percent of such bid (in each instance, the "Bid Deposit"); (iii) evidence, satisfactory to the Debtors, that the bidder has the financial ability to satisfy its bid in cash or by wire transfer; and (iv) evidence, satisfactory to the Debtors, that the bidder has the ability to close the purchase no later than September 30, 2009. Among other things, the bid must identify any

---

[1] Any potential purchaser will be required to execute a confidentiality agreement, and provide the Debtors with its financial qualifications and such other information as the Debtors may reasonably request no later than two (2) business days prior to the Bid Deadline.

executory contracts or unexpired leases that the bidder wants to acquire in conjunction with its bid. Additionally, bids will be shared with 1929 LLC in advance of the Auction;

(d) The full amount of the Bid Deposit required herein will be payable by cashier's check, certified check, or wire transfer of immediately available funds to be deposited with Debtors' counsel (SilvermanAcampora LLP), and will be nonrefundable in the event that the bid is approved by the Bankruptcy Court. The Bid Deposit from the successful bidder will be applied as a credit against the purchase price paid by the successful bidder. At the conclusion of the Auction and upon approval by the Court of the winning bid, all Bid Deposits made by bidders other than the successful bidder will be returned promptly;

(e) Bids at the Auction must be all cash, without financing or other contingencies. To the extent a Qualified Bidder intends to bid on executory contracts or unexpired leases, the Qualified Bidder will be required to provide evidence of its ability to provide adequate assurance of future performance, and the bid must be of a sufficient amount of proceeds so that the Debtors can cure any existing defaults under such contract and/or leases, if any;

(f) The initial over bid shall be no less than the aggregate of (a) the Purchase Price (as defined in this Motion), plus (b) $25,000, plus (c) an additional $25,000 which is an amount equal to the Termination Fee (the "Minimum Overbid", i.e., $400,000);

(g) Following the Minimum Overbid, all subsequent bids must be in increments of not less than twenty five thousand ($25,000.00) dollars over the prior bid on bids place in bulk, and in increments of not less than five thousand ($5,000.00) over the prior bid on bids placed on separate lots;

(h) The Assets will be sold to the Qualified Bidder submitting the highest or best bid, subject to the reasonable business judgment of the Debtors;

(i) The successful bidder must be prepared to close the purchase no later than ten (10) calendar days following the entry of the Sale Order, unless the Sale Order contains a waiver of stays under Bankruptcy Rules 6004, 6006, and 7062, in which case the closing must occur on or before September 30, 2009; and

(j) If a successful Qualified Bidder fails to close the purchase in accordance with the terms herein, it will forfeit its Bid Deposit, and the Assets will be sold to the bidder submitting the next highest bid (as approved by the Court at the Sale Hearing).

**PLEASE TAKE FURTHER NOTICE** that the APA provides that, in the event 1929 LLC is not the successful bidder at the Auction, 1929 LLC shall be entitled to a termination fee in the amount of $25,000 (the "Termination Fee"). The APA also provides for 1929 LLC to tender a $25,000 deposit so that all qualified bidders will be on equal footing concerning the Bid Deposit requirement under the Sale Procedures.

**PLEASE TAKE FURTHER NOTICE** to facilitate and effect the sale of their assets, the Debtors also seek authority to assume and assign certain Contracts to the purchaser of the Assets. 1929 LLC has identified which Contracts it desires to assume. As such, the Debtors further seek authority to establish a process (the "Assignment Procedures") to (i) determine the amount of any cure obligations, if any, necessary to be paid in accordance with section 365 of the Bankruptcy Code for those Contracts that will be assumed, and (ii) establish objection procedures for the counterparties to the Contracts proposed to be assumed and assigned. The proposed Assignment Procedures are as follows:

>  (a) <u>Notice of Assignment Procedures</u>. Within one day after entry of the Sale Procedures Order, the Debtors will file an assignment schedule (the "Assignment Schedule") with the Court and serve such Assignment Schedule by overnight delivery on the non-debtor counterparties to those Contracts. The Assignment Schedule will include (i) the title of the Contract to be assumed, (ii) the name of the counterparty to the Contract, (iii) any applicable cure amounts, (iv) the identity of the assignee, and (vi) the deadline by which any such Lease or Contract counterparty must object.
>
> (b) <u>Objection to Assumption and/or Assignment of Contracts and/or Cure Procedures</u>. Any objections to the assumption and/or assignment of any Contract identified on the Assignment Schedule, including to the cure amount set forth on such schedule, must be in writing, filed with the Court, and be actually received by counsel to the Debtors and counsel to 1929 LLC no later than ten (10) days after the Assignment Schedule is mailed to the affected party (the "Assignment and Cure Objection Deadline").
>
> (c) <u>Resolution of Objections</u>. If no objections are received by the Assignment and Cure Objection Deadline, then the assumption and assignment are authorized and the cure amounts set forth in the Assignment Schedule shall be binding upon the nondebtor party to the Contract for all purposes and will constitute a final determination of total cure amounts required to be paid by the Debtors in

connection with the assignment to the successful Bidder. In addition, each non-debtor party to such unexpired Contract shall be forever barred from objecting to the cure information set forth in the Assignment Schedule, including, without limitation, the right to assert any additional cure or other amounts with respect to the Contract arising or relating to any period prior to such assumption or assignment. If no objections to the assumption or assumption and assignment are received by the Assignment and Cure Objection Deadline, counsel for the Debtors may submit to the Court a certificate of no objection and a form of order (collectively, the "Certificate of No Objection") granting the requested assumption and/or assignment of the Contract, and serve such Certificate of No Objection on the counterparty to the Contract. The order approving such assumption and/or assignment may then be entered by the Court twenty-four (24) hours after the Certificate of No Objection is filed.

(d) If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at the Sale Hearing, if the Assignment Schedule is served at least eleven (11) days prior thereto, or any later date set by the Court. The pendency of a dispute relating to cure amounts will not prevent or delay the assumption and assignment of any Contracts. If an objection is filed only with respect to the cure amount listed on the Assignment Schedule, the Debtors may file a Certificate of No Objection as to assumption and assignment only and the dispute with respect to the cure amount will be resolved consensually, if possible, or, if the parties are unable to resolve their dispute, before the Court. The Debtors intend to cooperate with the counterparties to Contracts to attempt to reconcile any difference in a particular cure amount.

**PLEASE TAKE FURTHER NOTICE,** 1929 LLC seeks under the APA to take an assignment of two unexpired non-residential real property leases for space located at 699 Madison Avenue, New York, New York.

**PLEASE TAKE FURTHER NOTICE,** that all counter-parties to the Debtors' Contracts on notice of potential cure amounts, the Debtors also seek a procedure in which to determine cure amounts for such other Contracts. The proposed alternate procedures are as follows:

(a) Prior to the filing of the Assignment Schedule, the Debtors, in their discretion, shall file with the Court a schedule of cure amounts with respect to the Debtors' Contracts not currently included in the APA (the "Cure Schedule"), and serve such Cure Schedule by overnight delivery on the non-debtor counterparties to those Contracts. The Cure Schedule will include (i) the title of the Contract to be assumed, (ii) the name of the counterparty to the Contract, (iii) any applicable cure amounts, (iv) the date from

6

which the cure amounts are calculated (the "Assumption Date"), and (v) the deadline by which any such non-debtor counterparty must object; and it is further;

(b) Any objections to the cure amounts set forth on the Cure Schedule must be in writing, filed with the Court, and be actually received by the by counsel to the Debtors and counsel to 1929 LLC no later than ten (10) days after the Cure Schedule is mailed to the affected party (the "Cure Schedule Objection Deadline");

(c) If no objections are received by the Cure Schedule Objection Deadline, the cure amounts set forth in the Cure Schedule shall be binding upon the non-debtor party to the Contract for all purposes and will constitute a final determination of total cure amounts required to be paid by the Debtors in connection with any assumption of the Contract as of the Assumption Date. In addition, each nondebtor party to such unexpired Contract shall be barred from objecting to the cure information set forth in the Cure Schedule, including, without limitation, the right to assert any additional cure or other amounts with respect to the Contract arising or relating to any period prior to the Assumption Date;

(d) Any determination of cure amounts as set forth in the Cure Schedule shall be without prejudice to any of the Contract counter-parties' rights to object to the assumption or assumption and assignment of any Contract;

(e) if a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at the Sale Hearing, provided the Cure Schedule is served at least eleven (11) days prior thereto, otherwise such objection will be heard by the Court at a date to be determined.

**PLEASE TAKE FURTHER NOTICE, THAT THE BID OF ANY BIDDER FAILING TO COMPLY WITH THE ABOVE REQUIREMENTS MAY NOT BE CONSIDERED BY THE DEBTORS, IN THEIR DISCRETION.**

**PLEASE TAKE FURTHER NOTICE,** that any interested party may obtain additional information regarding the terms and conditions of the Auction by contacting: SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, (516) 479-6300, Attention: Robert D. Nosek, Esq. The Application contains further, important information about the relief to be requested at the Hearing.

**II.    THE AUCTION**

**PLEASE TAKE FURTHER NOTICE**, that the Auction is scheduled for **September 23, 2009 at 2:00 p.m.,** at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 501, New York, New York 10004.

### III. HEARING ON THE SALE OF THE ASSETS

**PLEASE TAKE FURTHER NOTICE**, that by and through the same Application discussed above, the Debtors will move before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 501, New York, New York 10004, on **September 24, 2009, at 10:00 a.m.** (the "Sale Hearing"), or as soon thereafter as counsel can be heard, for the issuance and entry of an Order (the "Sale Order"): (1) authorizing and approving the terms and conditions of a certain asset purchase agreement (the "APA") for a sale by and between the Debtors, as sellers, and 1929 LLC, as buyer, of substantially all of the Debtors' assets, as well as the assumption and assignment of two associated unexpired leases of non-residential real property, for $350,000, subject to higher or subject to higher or better offers on the assets, in bulk or by lot, as may be tendered at a public auction sale.

**PLEASE TAKE FURTHER NOTICE**, that response or objections, if any, to the relief sought in the Application for approving the APA and confirming the Sale (the "Sale Objections"), must be in writing and conform to the Bankruptcy Rules and the Local Rules, must set forth the name of the objecting party, the basis for the objection and the specific grounds therefore, and must be filed with the Bankruptcy Court, **by September 22, 2009, at 4:30 p.m. (prevailing Eastern Time)** electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-242, and any responses or

objection must be served upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Robert D. Nosek, Esq.); and (ii) the Office of the United States Trustee, 33 Whitehall Street, 22nd floor, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Procedures Hearing or the Sale Hearing if you do not object to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE,** that the Debtors may extend the deadlines set forth herein, may adjourn the Procedures Hearing, the Auction and/or the Sale Hearing, and/or may seek adjournment of the Procedures Hearing, the Auction and/or the Sale Hearing in open court, all without further notice.

Dated: Jericho, New York
   August 28, 2009   **SilvermanAcampora LLP**
              Proposed Counsel to Mrs. John L. Strong & Co., LLC
              and Mrs. John L. Strong Co., Inc., as debtors and
              debtors in possession

          By:  s/Ronald J. Friedman
             Ronald J. Friedman
             A Member of the Firm
             100 Jericho Quadrangle - Suite 300
             Jericho, New York 11753
             (516) 479-6300